**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 24 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KORY CHRISTIAN PEDERSEN,

Petitioner-Appellant,

v.

OREGON BOARD OF PAROLE AND
POST-PRISON SUPERVISION,

Respondent-Appellee.

No.   19-35599

D.C. No. 6:17-cv-00145-JR

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Argued and Submitted December 10, 2020
Seattle, Washington

Before:  BERZON, MILLER, and BRESS, Circuit Judges.

Kory Pedersen appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition.  We review de novo the district court's denial of § 2254 relief. *Carter v. Davis*, 946 F.3d 489, 501 (9th Cir. 2019).  We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

Pedersen resisted arrest and then twice shot at the arresting police officer.  An

---

   [*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Oregon jury found Pedersen guilty of attempted aggravated murder and other offenses. Pedersen now contends that his trial lawyer provided ineffective assistance of counsel by not adequately investigating and presenting Pedersen's claim that he shot at the officer in self-defense and by failing to put on additional expert witnesses to support Pedersen's theory that his second shot was involuntary.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), we may only grant habeas relief if the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). To establish ineffective assistance, Pedersen must show that (1) his counsel performed deficiently, and (2) counsel's deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under AEDPA, we may only grant relief if the constitutional violation is "beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).[1]

Assuming without deciding that counsel acted deficiently, the state court could reasonably conclude that counsel's performance was not prejudicial—that

---

[1] The State has forfeited its argument, made for the first time on appeal, that Pedersen failed to exhaust his claims by not raising them in state post-conviction proceedings. *See Franklin v. Johnson*, 290 F.3d 1223, 1233 (9th Cir. 2002).

2

there is no "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Pedersen's counsel did make a self-defense argument to the jury, and the jury was given a self-defense instruction. The jury also heard Pedersen's testimony about why he fired the first shot, as well as a video that documented most of the encounter.

In finding Pedersen guilty, the jury determined that he had the necessary intent to kill the officer without proper justification for at least one of the shots. Under these circumstances, the state court could reasonably conclude that a more accurate presentation of the self-defense theory would not have changed the result. *Id.* That is especially the case considering the apparent weakness of Pedersen's self-defense theory, including the fact that Pedersen never saw the officer draw his handgun or begin to do so before Pedersen fired the first shot. The jury either decided that Pedersen did not intend to hit the officer with the first shot, in which case the inaccurate self-defense theory would not have mattered, or it concluded that Pedersen did have the intent to kill the officer when he fired the first shot, in which case it would not have mattered whether the jury was told that he need not have that intent to succeed on self-defense. Either way, the attorney's inaccuracy as to the Oregon law of self-defense did not matter to the jury verdict.

We likewise reject Pedersen's argument that the state court decision was an unreasonable application of *Strickland* because counsel acted deficiently by failing

3

to put on expert testimony from Captain Kenneth Herbst concerning whether the arresting officer's actions violated Oregon's Department of Public Safety Standards and Training guidelines for the use of force. Pedersen's "right to use force in self-defense depends on [his] *own* reasonable belief in the necessity for such action, and not on whether the force used or about to be used on him actually was unlawful." *State v. Oliphant*, 218 P.3d 1281, 1290 (Or. 2009). Given the marginal relevance of Herbst's proposed testimony, reasonable jurists could determine that counsel's alleged error was not prejudicial. *See Harrington*, 562 U.S. at 103.

The state court could likewise reasonably conclude that any error in counsel's failure to put on additional experts for Pedersen's second fired shot was not prejudicial. Counsel already put forward an expert witness who testified that it was "very possible" that Pedersen fired the second shot involuntarily because the officer had shot Pedersen in the hand. The jury thus had a basis to vindicate this theory, had it credited it. Pedersen has not shown how additional experts on this topic would have changed the result. That is particularly so considering that this defense at most went to the second shot and did not absolve Pedersen of responsibility for the first shot.

**AFFIRMED.**